UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON LEVI SHAW,

    Plaintiff,

v.                                                      Case No: 8:22-cv-2607-CEH-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The Commissioner of Social Security (Commissioner) moves to dismiss Plaintiff's Complaint as untimely. (Motion, Dkt. 6.) In moving to dismiss, the Commissioner submitted materials outside the pleadings for consideration in disposing of the motion. (Dkt. 6-1.) Accordingly, the Commissioner's motion to dismiss was converted to a motion for summary judgment. (Dkt. 11); *see* Fed. R. Civ. P. 12(d). Plaintiff was provided time to file a response after the motion was converted (*id.*; Dkt. 13), which is now before the court (Dkts. 12, 14). Upon consideration, the undersigned recommends that the Commissioner's Motion (Dkt. 6) be granted.

## BACKGROUND AND UNDISPUTED FACTS

This is an action in which Plaintiff, proceeding pro se, seeks judicial review of the Social Security Administration's Appeals Council's decision to deny Plaintiff's application for Social Security Disability Insurance Benefits and Supplemental Security Income. (Dkt. 1 at 2.) On February 26, 2020, an administrative law judge

(ALJ) denied Plaintiff's claims for benefits. (Dkt. 6-1 at 3, ¶ 3(a).) Plaintiff asked the Appeals Council to review the denial (*id.*), and on September 16, 2020, the Appeals Council sent Plaintiff its decision denying his request, with a copy to his representative. (*Id.* at 25.) The notice explained that Plaintiff had 60 days to file a complaint in federal court to review the ALJ's decision, the 60-day period would start the day after he received the notice, and the Appeals Council would assume that he had received the notice within 5 days of its date unless he could show otherwise. (*Id.*) The notice added that if he had a good reason why he could not file a complaint in federal court within the 60-day period, he could ask the Appeals Council to extend it by submitting a written request that included the reason. (*Id.*) Plaintiff filed his Complaint in this matter on November 14, 2022. (Dkt. 1; Dkt. 6-1 ¶ 3(c).)

## APPLICABLE STANDARDS

A party may move for summary judgment, identifying each claim or defense on which it seeks summary judgment. Fed. R. Civ. P. 56(a). If a party fails to properly support a factual assertion or address another party's factual assertion with record materials, the court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2). The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court should state the reasons for granting or denying the motion. *Id.*

## ANALYSIS

As noted above, the Commissioner argues that Plaintiff's action is untimely because he failed to timely file his Complaint as required by 42 U.S.C. § 405(g). (Dkt. 6.) Pursuant to 42 U.S.C. § 405(g), social security claimants must file for judicial review of the Commissioner's final decision "within sixty days after the mailing to him of notice of such decision." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (quoting 42 U.S.C. § 405(g)). The 60-day limitation "is not jurisdictional, but rather constitutes a period of limitations" that "must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479–80 (1986). Courts in this district have strictly enforced the 60-day time limit. *See Machuca v. Saul*, No. 3:21-cv-49-JBT, 2021 WL 9598198 (M.D. Fla. June 10, 2021) (filing 15 days late was untimely); *Madry v. Colvin*, No. 8:13-cv-312-T-23DNF, 2013 WL 5408088 (M.D. Fla. Sept. 25, 2013) (filing one day late was untimely); *Clark v. Astrue*, No. 8:12-cv-1409-T-30MAP, 2012 WL 5467525 (M.D. Fla. Nov. 9, 2012) (filing on the sixty-sixth day was untimely).

Notwithstanding the above principles, the 60-day time limit is subject to equitable tolling. *Jackson*, 506 F.3d at 1353. To determine whether equitable tolling is appropriate, courts apply "traditional equitable tolling principles [which] require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances." *Id.* Equitable tolling is appropriate only "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). For example, equitable tolling may be appropriate "where the defendant

misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against [him]." *Jackson*, 506 F.3d at 1353 (quoting *Waller v. Comm'r*, 168 F. App'x 919, 922 (11th Cir. 2006)).

Here, the undersigned finds that Plaintiff did not file a civil action within 60 days of his receipt of the letter or ask the Appeals Council for an extension of time. The record evidence demonstrates that on September 16, 2020, the Appeals Council sent Plaintiff and his representative notice of its action on Plaintiff's request for review and of the right to commence a civil action within 60 days from the date of receipt. (Dkt. 6-1 at 24–26.) However, as reflected in the Declaration of Rosanna Mapp provided by the Commissioner, Plaintiff filed his Complaint in this court on November 14, 2022 (*id.* ¶ 3(c)), which is nearly two years after his November 20, 2020 deadline. Ms. Mapp further avers that she is not aware of any request by Plaintiff for an extension of time to file the civil action. (*Id.* ¶ 3(b).)

Moreover, Plaintiff has not presented evidence of extraordinary circumstances that would warrant equitable tolling of the 60-day time limit. *See Wade v. Battle*, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (stating that equitable tolling is "'appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence'") (citation omitted). For instance, despite broadly stating that he changed his address at some point in the past, Plaintiff does not support his assertion with any evidence that he did not receive the Appeals Council's notice informing him that he must file for judicial review within 60 days after the mailing of such notice, nor has he provided evidence

4

demonstrating that his address was changed during the relevant period at issue. Lastly, Plaintiff's pro se status alone does not warrant equitable tolling. *See Christides v. Comm'r of Soc. Sec.*, 478 F. App'x 581, 584 (11th Cir. 2012) ("Neither [claimant's] pro se status nor her apparent ignorance of the law, by themselves, constitutes extraordinary circumstances."); *Jackson*, 506 F.3d at 1356 (Pro se plaintiff's claim of "limited linguistic and legal experience [that] made it impossible for her understand that the law required her to file her claim in the United States District Court" did not warrant equitable tolling.)

As such, even when viewing the evidence in the light most favorable to Plaintiff, *Baas v. Fewless*, 886 F.3d 1088, 1091 (11th Cir. 2018), the undersigned finds Plaintiff's claim to be time-barred by § 405(g).

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**RECOMMENDED**:

1. The Commissioner's Motion (Dkt. 8) be **GRANTED**.
2. The Clerk of Court be directed to enter final judgment in favor of the Commissioner and close the case.

**IT IS SO REPORTED** in Tampa, Florida, on April 14, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

5

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties