UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON LEVI SHAW,

    Plaintiff,

v.        Case No: 8:22-cv-2607-CEH-UAM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**ORDER**

This matter comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Julie S. Sneed (Doc. 16) regarding Defendant, the Commissioner of Social Security's Motion to Dismiss Plaintiff Aaron Levi Shaw's Complaint (Doc. 6), Plaintiff's objections (Doc. 17) and Defendant's response (Doc. 18).

The magistrate judge recommends granting Defendant's Motion to Dismiss Plaintiff's Complaint (which later was converted to a motion for summary judgment) on the grounds that Plaintiff's claim is time-barred under 42 U.S.C. § 405(g), and he has failed to establish a basis for equitable tolling. Doc. 16 at 5-8. The Court, having considered the R&R, Plaintiff's objections, and Defendant's response, and being fully advised in the premises will overrule the objections, adopt the R&R and grant Defendant's motion for summary judgment.

I.   BACKGROUND

Plaintiff filed this lawsuit on November 14, 2022, alleging that he was improperly denied disability insurance benefits and supplemental security income. Doc. 1 at 2. Previously, in February of 2020, an administrative law judge (ALJ) had issued a decision finding Plaintiff not disabled and thus not entitled to the benefits he sought. Doc. 1; Doc. 6 at 2. Subsequently, the Appeals Council denied Plaintiff's request for review of the decision on September 16, 2020, and sent a notice of its action to Plaintiff informing him of the right to commence a civil action within sixty (60) days from the date of receipt, and that he could alternatively request an extension of time. Doc. 6 at 2; Doc. 6-1 ¶ 3(a). Plaintiff filed the instant suit around two years later, arguing that the Commissioner found certain facts not supported by substantial evidence in the record to be true and made several legal errors. Doc. 1 at 3–4.

Defendant moved to dismiss the lawsuit, arguing that Plaintiff filed the suit untimely, almost two years after the statutory deadline. Doc. 6 at 3–5. Further, Defendant argued that Plaintiff fails to demonstrate circumstances to warrant equitable tolling of the time limit set forth in 42 U.S.C. § 405(g). *Id.* at 5–6. Plaintiff filed a response to the motion to dismiss explaining why he believed that the ALJ erred in his initial determination. *See* Doc. 10.

Because the Commissioner presented matters outside the pleadings in support of the timeliness argument, the Magistrate Judge gave notice that she would treat the motion to dismiss as a motion for summary judgment and afforded the parties the opportunity to present any additional relevant evidence or argument. Doc. 11 at 2.

Plaintiff did so, arguing that because he is *pro se* and homeless, he was not receiving mail (including court documents) at a prior address at some point in time and that he has issues accessing shelter and housing services as a homeless person. *See* Doc. 14.

The magistrate judge issued an R&R on Defendant's motion, recommending that it be granted because—even viewing the evidence in the light most favorable to Plaintiff—his claim is time-barred by § 405(g). Doc. 16 at 5. The R&R notes that after Plaintiff asked the Appeals Council to review the ALJ's denial of benefits, he was sent a notice denying his request and explaining that he had 60 days to file a complaint in federal court to review the ALJ's decision, and that he could ask the Appeals Council to extend this time limit by submitting a written request explaining his reasons for needing an extension. *Id.* at 2; Doc. 6-1 at 25–26. The R&R further noted that, under § 405 (g), social security claimants must file for judicial review of the Commissioner's final decision within sixty days, and that this 60-day limitation must be strictly construed. Doc. 16 at 3 (citing *Jackson v. Astrue,* 506 F.3d 1349, 1353 (11th Cir. 2007); *Bowen v. City of New York,* 476 U.S. 467, 479–80 (1986).[1] The Court also noted that the 60-day time limit is subject to equitable tolling in extraordinary circumstances. *Id.* at 3–4.

Given this applicable law, the magistrate judge first found that the record evidence shows Plaintiff did not file a civil action within 60 days of receiving the letter or ask the Appeals Council for an extension of time. *Id.* at 4. Next, the magistrate judge

---

[1] The R&R further cites cases in this district in which the 60-day time limit has been strictly enforced.

3

found that Plaintiff failed to present evidence of extraordinary circumstances warranting equitable tolling of the 60-day time limit. *Id.* Although Plaintiff stated that he changed his address at some point in the past, he did not provide any evidence that he did not receive the Appeals Council's notice informing him of the 60-day time limit, nor did he provide evidence of the address change. *Id.* at 4–5. On this basis, and because Plaintiff's *pro se* status, without more, does not warrant equitable tolling, the magistrate judge found that Plaintiff's claim is time-barred and recommends granting Defendant's motion for summary judgment. *Id.* at 4–6. Plaintiff now objects, and Defendant responds. Docs. 17, 18.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

### III. DISCUSSION

In his objection, Plaintiff contends that his filings were untimely because he was homeless and had been arrested for the "probable cause" of being homeless. Doc. 17 at 1. Plaintiff seems also to object to the fact that the Commissioner's defense in this case is based not on the medical evidence of Plaintiff's disability but on "untimely filings of documents." *Id.* at 1–2. Thus, Plaintiff states that he will "consider the next available steps to consider moving forward seeking a decision based upon medical evidence provided" to the Social Security Administration regarding benefits. *Id.* at 2. Defendant responds that the R&R was well-reasoned and should be adopted. Doc. 18.

The Court agrees with the well-reasoned recommendation of the magistrate judge, which recommends that the motion for summary judgment (initially filed as a motion to dismiss) should be granted.

Plaintiff's objection (Doc. 17) is non-specific and argues broadly that his case should not be dismissed based on the statute of limitations, rather than based on medical evidence. However, he makes no argument for why any specific findings or recommendations in the R&R were erroneous. And moreover, as the R&R correctly states, the 60-day time limit set out in § 405(g) must be strictly construed in the absence of extraordinary circumstances justifying equitable tolling. Plaintiff's objection offers no additional support for his equitable tolling argument or his claim that the statute of limitations should not apply here, so it must be overruled.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Objections to the Report and Recommendation (Doc. 17) are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 16) is **ADOPTED, CONFIRMED, and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 6), which the Court considered as a motion for summary judgment after giving notice to the Parties (Doc. 13) is **GRANTED**.

4. The Clerk is directed to enter judgment in favor of Defendant, the Acting Commissioner of Social Security, and against Aaron Levi Shaw, Plaintiff. The Clerk is further directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on May 9, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties